Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| Raúl E. Vázquez Román<br><br>Peticionario<br><br>v.<br><br>Briseida Y. Delgado Miranda<br><br>Recurrida | KLCE202301224 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Menores de Bayamón<br><br>Caso Núm.<br>D FI2015-0050<br><br>Sobre:<br>Filiación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

### I.

El 6 de noviembre de 2023, el señor Raúl E. Vázquez Román (señor Vázquez Román o peticionario) presentó una *Petición de Certiorari* en la que solicitó que revoquemos una *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 28 de septiembre de 2023, notificada y archivada en autos el 29 de septiembre de 2023.[1] Mediante el dictamen, el TPI declaró No Ha Lugar una solicitud promovida por el señor Vázquez Román para remover a la terapista que da servicios a una menor de edad que es su hija, como parte del procedimiento de filiación, relaciones paternofiliales y custodia compartida instado por el peticionario en contra de la señora Briseida Y. Delgado Miranda (señora Delgado Miranda o parte recurrida).

---

[1] Apéndice de la *Petición de Certiorari*, Anejo 2, págs. 2-4.

El 8 de noviembre de 2023, emitimos una *Resolución* en la que le concedimos a la parte recurrida un término de diez (10) días para exponer su posición sobre los méritos del recurso.

Además, el 9 de noviembre de 2023, el peticionario radicó una *Moción solicitando orden en auxilio de jurisdicción* en la que solicitó que ordenáramos que la menor no recibiera los servicios terapéuticos bajo la terapista asignada hasta que se resuelva la *Petición de Certiorari.*

Ese mismo día, emitimos una *Resolución* en la que declaramos No Ha Lugar la *Moción solicitando orden en auxilio de jurisdicción.*

El 17 de noviembre de 2023, la señora Briseida Y. Delgado Miranda presentó una *Moción en cumplimiento de orden y oposición a la expedición del auto de certiorari porque no cumple con la Regla 40 del Reglamento del Tribunal de Apelaciones* en la que argumentó que procedía denegar la expedición del *certiorari* solicitado.

Con el beneficio de la comparecencia de las partes, pormenorizaremos los hechos atinentes a la *Petición de Certiorari.*

**II.**

El caso de marras tiene su génesis el 27 de octubre de 2014 cuando el señor Vázquez Román radicó una *Demanda* en el Tribunal de Primera Instancia, Sala Superior de San Juan, contra la señora Delgado Miranda sobre filiación, relaciones paternofiliales y custodia compartida en relación con una menor de nueve (9) años, procreada por ambos.[2] Posteriormente, el caso fue trasladado a la Sala Superior de Bayamón.[3]

En su *Petición de Certiorari,* el señor Vázquez Román resaltó los siguientes hechos procesales, ocurridos desde ese entonces:

(1) el 2 de enero de 2015, la señora Delgado Miranda presentó una *Contestación a demanda y reconvención* en la que solicitó la patria potestad y custodia de manera exclusiva.

---

[2] Este dato se desprende de la página digital de Consulta de casos del Poder Judicial, bajo el alfanumérico K FI2014-0049, el cual le fue asignado antes de su eventual traslado a la Sala Superior de Bayamón.
[3] Apéndice de la *Petición de Certiorari,* Anejo 11, pág. 89.

(2) El 26 de marzo de 2015, el TPI autorizó las relaciones paternofiliales provisionales, señaló el caso para vista ante la examinadora de pensiones y refirió el caso a la Unidad de Trabajo Social.

(3) En el 2017, las partes llegaron a estipulaciones sobre las relaciones paternofiliales.

(4) Posteriormente, la señora Delgado Miranda promovió una solicitud de orden de protección a favor de la menor en contra del peticionario ante el Tribunal de Primera Instancia, Sala Municipal de Guaynabo. Como parte de dicho proceso, declaró la terapista asignada a la menor, la psicóloga Dra. Alice Pérez Fernández (Dra. Pérez Fernández). Luego, el foro primario ordenó que las relaciones paternofiliales se realizaran de forma paulatina por el término de seis (6) meses y que ambos padres se sometieran a un plan de servicios para mejorar su comunicación. Después, se archivó el caso y se ordenó que se continuara el proceso ante el TPI.

(5) El 19 de septiembre de 2023, el señor Vázquez Román radicó una *Urgente moción solicitando la remoción inmediata de la terapista de la menor por violaciones éticas para con su paciente (Menor) al ejercer rol dual de perito y terapeuta y por violar la confidencialidad en perjuicio del bienestar de la menor* (*Moción solicitando remoción de terapista*) en la que solicitó que la terapeuta asignada por el TPI fuera removida luego de que declarara en los procedimientos ante la Sala Municipal de Guaynabo.[4]

(6) El 28 de septiembre de 2023, el TPI emitió la *Orden* recurrida en la que declaró No Ha Lugar la *Moción solicitando remoción de terapista* del peticionario.[5] En consecuencia, puntualizó que las partes debían continuar con las terapias según indicado.

(7) El 10 de octubre de 2023, el peticionario radicó una *Urgente moción solicitando reconsideración y solicitando remoción inmediata de la terapista de la menor por violaciones éticas para con su paciente (menor)* en la que reiteró sus argumentos para la remoción de la terapista.[6]

(8) El 11 de octubre de 2023, el TPI emitió una *Orden* en la que declaró No Ha Lugar la reconsideración promovida por el peticionario.[7]

Inconforme con lo anterior, el 6 de noviembre de 2023, el señor Vázquez Román presentó la *Petición de Certiorari* de epígrafe para cuestionar la negativa del foro primario a remover a la terapista asignada a las partes. En su recurso, le imputó al TPI la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE MENORES Y FAMILIA DE BAYAMÓN, AL NO REMOVER A LA DRA. ALICE PÉREZ FERNÁNDEZ, COMO TERAPISTA, POR VIOLACIONES ÉTICAS PARA CON SU PACIENTE (MENOR) AL EJERCER ROL DUAL DE PERITO Y TERAPEUTA Y POR VIOLAR LA CONFIDENCIALIDAD EN PERJUICIO DEL BIENESTAR DE LA MENOR.

---

[4] Íd., Anejo 4, págs. 16-21.

[5] Íd., Anejo 2, pág. 4.

[6] Íd., Anejo 3, págs. 5-15.

[7] Íd., Anejo 1, pág. 1.

Según adujo, cuando la señora Pérez Fernández declaró en el proceso llevado ante la Sala Municipal de Guaynabo, sin que se le requiriera, la terapeuta lesionó irremediablemente la relación de confianza entre la menor y ella. En contraste, sostuvo, debió mantenerse como una figura neutral para proteger el mejor bienestar de la menor.

El 17 de noviembre de 2023, la señora Briseida Y. Delgado Miranda presentó una *Moción en cumplimiento de orden y oposición a la expedición del auto de certiorari porque no cumple con la Regla 40 del Reglamento del Tribunal de Apelaciones* en la que argumentó que procedía denegar la expedición del *certiorari* solicitado. En su escrito, la parte recurrida argumentó que la *Petición de Certiorari* era inmeritoria e incumplía con los requisitos contemplados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, para su expedición.

Asimismo, adujo que el peticionario tergiversó el trasfondo procesal del caso al dejar de informar que, al presente, el TPI tenía ante su consideración la continuación de una vista evidenciaria sobre posibles medidas protectoras a favor de la menor bajo la *Ley para prevención del maltrato, preservación de la unidad familiar y para la seguridad, bienestar y protección de los menores,* Ley Núm. 57 de 2023, 8 LPRA secs. 1641 *et seq.* Según alegó, en dicho proceso, el peticionario testificó y estuvo sujeto a contrainterrogatorio, mientras que la parte recurrida comenzó a presentar su prueba. Al momento, según precisó, la continuación de la vista se encuentra pautada para el 20 de diciembre de 2023. Por otra parte, denunció que el peticionario obvió que la Unidad Social de Relaciones de Familia y Asuntos de Menores del TPI (Unidad Social) estaba preparando un informe social forense, lo cual debe incluir una entrevista a la terapista de la menor. Por todo ello, arguyó que la etapa de los procedimientos ante el TPI no constituye

el momento propicio para que se intervenga con la deliberación del foro primario.

Por último, atisbó que el peticionario busca socavar la vista en su fondo ante el TPI y las labores de la Unidad Social y causar un efecto de mordaza sobre la menor para que no se descubra el alcance del maltrato al que ha sido víctima.

Contando con la comparecencia de las partes, pormenorizaremos el derecho atinente a la expedición del auto de *certiorari.*

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1,[8] establece las instancias en las

---

[8] Esta Regla dispone que:
[....]
El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. (Énfasis nuestro).

que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corporation, et als.****,* 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia*.* ***Mun. de Caguas v. JRO Construction****,* 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. ***Torres Martínez v. Torres Ghigliotty****,* 175 DPR 83, 97 (2008).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de las de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[9]

---

[9] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.,* supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio

---

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

de la discreción, o que incurrió en error manifiesto". ***Citibank et al. v. ACBI et al.***, supra, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

**IV.**

Tras un análisis objetivo, sereno y cuidadoso de la *Petición de Certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo o error alguno que amerite intervención. Por el contrario, encontramos que la determinación del foro recurrido es correcta en derecho y, además, que la controversia que el TPI tiene ante su consideración no se vería bien servida por nuestra intervención. Es decir, la etapa del procedimiento en que se presenta este caso no es la más propicia para su consideración.

**V.**

Por las razones expuestas, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones